UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

GUILLERMO SANTIAGO,

                                    Plaintiff,         **COMPLAINT**

                    -against-

THE CITY OF NEW YORK, SERGEANT JOSEPH         
BONO (tax # 941444); POLICE OFFICER            <u>Jury Trial Demanded</u>
CHRISTOPHER FURDA (tax # 947008); POLICE
OFFICER ELVIS MERIZALDE (tax # 946000),

                                 Defendants.

--------------------------------------------------------------------- x

             Plaintiff GUILLERMO SANTIAGO, by his attorney RICHARD CARDINALE,
alleges as follows:

## PRELIMINARY STATEMENT

             1.       This is a civil rights action in which the plaintiff alleges that the City of
New York and three New York City Police Officers violated his rights under 42 U.S.C. § 1983
and the Fourth and Sixth Amendments to the United States Constitution by using unreasonable
force on him, falsely arresting him, maliciously prosecuting him and denying him a fair trial.
Plaintiff also asserts claims of assault, battery, false arrest, malicious prosecution and vicarious
liability under New York state law.  Plaintiff seeks compensatory and punitive damages,
attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

             2.       This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and
Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court
by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery, false arrest, malicious prosecution and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, an amended notice of claim was filed within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filings, and the City has not offered to settle plaintiff's state law claims.

7.      Plaintiff testified at a 50-h hearing.

8.      This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9.      Plaintiff is a resident of the State of New York, County of Kings.

10.     The City of New York is a municipal corporation organized under the laws of the State of New York.

11.     The individual defendants Sergeant Joseph Bono, Police Officer Christopher Furda and Police Officer Elvis Merizalde are members of the New York City Police

2

Department ("NYPD").  Bono, Furda and Merizalde were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. Bono, Furda and Merizalde are sued in their individual capacities.

## STATEMENT OF FACTS

12.     On June 19, 2014, at approximately 10:30 p.m., plaintiff was in the vicinity of 59th Street between 3rd and 4th Avenues in Brooklyn, New York talking with some friends.

13.     At the above time and place, Sergeant Joseph Bono, Police Officer Christopher Furda and Police Officer Elvis Merizalde (the "officers") drove by plaintiff and his friends and stared at them.

14.     Fearing that the officers were going to stop and frisk him and find the small quantity of marijuana that he had in his pocket, plaintiff walked away.

15.      Although the officers did not have probable cause at that time to believe that plaintiff had committed a crime or violation, the officers went after plaintiff who panicked and ran away.

16.     Plaintiff stopped running a short time later and gave himself up.

17.     The officers caught up to plaintiff and retaliated against plaintiff for running by using unreasonable force on him.

18.     The officers, acting in concert, punched the nonresisting and compliant plaintiff in the face knocking out his top two front teeth and causing a maxillary fracture.

19.     Plaintiff fell to the ground after being punched in the face.  While plaintiff was on the ground, the officers, acting in concert, punched and kicked plaintiff several times on his head and body and twisted his arms.

3

20.     After the officers handcuffed plaintiff, one of the officers stated to plaintiff, "You wanna run?  You wanna run?  This is what we do, this is what we do."

21.     Shortly thereafter, the bloodied and beaten plaintiff was brought to the 72nd Precinct.

22.     At the 72nd Precinct, one of the officers searched plaintiff and found marijuana in his pocket.

23.     Prior to finding marijuana in plaintiff's pocket at the 72nd Precinct, the officers did not have probable to cause to arrest plaintiff for any crime or violation.

24.     Thereafter, the officers, acting in concert, charged plaintiff with possession of marijuana and falsely charged plaintiff with false personation and resisting arrest. To justify their initial arrest of plaintiff, the officers conspired to falsely allege that plaintiff had openly displayed marijuana on the street.  To justify their use of force, the officers conspired to falsely allege that plaintiff had resisted arrest.  To bolster the charges against plaintiff, the officers conspired to falsely allege that plaintiff had tried to trick them by stating that his middle name, Jonathan, was his first name.

25.     While the officers were processing plaintiff's arrest paperwork in the 72nd Precinct, an ambulance took plaintiff to Lutheran Medical Center, where plaintiff received treatment for his injuries, which included the loss of two teeth and a maxillary fracture.

26.     Officers from the NYPD's Internal Affairs Bureau interviewed plaintiff while he was being treated in the hospital.

27.     While plaintiff was in custody, Officer Furda, with the approval of Sergeant Bono and Officer Merizalde, misrepresented to the Kings County District Attorney's

Office that plaintiff had openly displayed marijuana on the street and committed the crimes resisting arrest and false personation.

28.     Officer Furda, with the approval of Sergeant Bono and Officer Merizalde, encouraged prosecutors to file false criminal charges of resisting arrest and false personation against plaintiff.

29.     Officer Furda, with the approval of Sergeant Bono and Officer Merizalde, signed and swore to the accuracy of a criminal court complaint falsely charging plaintiff with resisting arrest and false personation.

30.     On June 21, 2014, plaintiff was arraigned in criminal court, released on his own recognizance and ordered to return to court.

31.     On September 23, 2014, plaintiff appeared in criminal court.

32.     During the September 23, 2014 court appearance, the prosecution dismissed all criminal charges.

33.     Because plaintiff does not have health insurance or Medicaid, he has been unable to obtain follow-up care or have his missing teeth replaced.

34.     As a result of the loss of his top two front teeth, plaintiff presently suffers from a speech impediment.  The speech impediment, coupled with the effect that the loss of plaintiff's front teeth has on plaintiff's appearance, has greatly diminished plaintiff's self-esteem.

35.     After the incident, plaintiff had a verbal encounter with one of the defendant officers in plaintiff's neighborhood.  The officer said to plaintiff, "Hey, there's the guy with no teeth.  Keep walking or I'll knock the rest of your teeth out."

36.     After the incident, plaintiff encountered Internal Affairs officers at the location of his arrest.  The officers were headed to view a video of the incident which was captured by a video camera at Public School 314.

37.     No officer from Internal Affairs has contacted plaintiff since the incident.

38.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered the physical injuries described herein, a speech impediment, a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain.  Moreover, plaintiff has incurred medical expenses and will likely incur medical and dental expenses in the future.

## FIRST CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against Defendants Bono, Furda and Merizalde)

39.     Plaintiff repeats the foregoing allegations.

40.     Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff to suffer pain and the injuries described herein.

41.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## SECOND CLAIM

### (§ 1983; FALSE ARREST)

(Against Defendants Bono, Furda and Merizalde)

42.     Plaintiff repeats the foregoing allegations.

43.     Defendants did not have probable cause to arrest plaintiff at the time of plaintiff's arrest and did not obtain probable cause to arrest until a search of plaintiff in the 72nd Precinct revealed that plaintiff was in possession of marijuana.

44.     Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged until the defendants discovered marijuana on plaintiff during a search of plaintiff in the 72nd Precinct.

45.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him.

## THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against Defendants Bono, Furda and Merizalde)

46.     Plaintiff repeats the foregoing allegations.

47.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed the crimes resisting arrest and false personation and initiated a prosecution against plaintiff or played a role in initiating a prosecution against plaintiff.

48.     Defendants' misrepresentations deprived plaintiff of liberty.

49.     The criminal case filed against plaintiff was ultimately dismissed.

50.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against Defendants Bono, Furda and Merizalde)

51.     Plaintiff repeats the foregoing allegations.

52.     Defendants maliciously misrepresented to prosecutors that plaintiff was observed openly displaying marijuana on a public street and that plaintiff had committed the crimes resisting arrest and false personation.

53.     Defendants' misrepresentations deprived plaintiff of liberty.

54.     Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## SIXTH CLAIM

## (§ 1983; FAILURE TO INTERVENE)

(Against Defendants Bono, Furda and Merizalde)

55.     Plaintiff repeats the foregoing allegations.

56.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

57.     Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's rights under those amendments.

## SEVENTH CLAIM

## (ASSAULT UNDER N.Y. STATE LAW)

(Against All Defendants)

58.     Plaintiff repeats the foregoing allegations.

59.     Defendants' use of force on plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

60.     The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

61.     Accordingly, all of the defendants are liable to plaintiff under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY UNDER N.Y. STATE LAW)

(Against All Defendants)

62.     Plaintiff repeats the foregoing allegations.

63.     Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contact which injured plaintiff.

64.     The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

65.     Accordingly, all of the defendants are liable to plaintiff under New York state law for battery.

## NINTH CLAIM

### (FALSE ARREST UNDER N.Y. STATE LAW)

(Against All Defendants)

66.     Plaintiff repeats the foregoing allegations.

67.     Defendants did not have probable cause to arrest plaintiff at the time of plaintiff's arrest and did not obtain probable cause to arrest until a search of plaintiff in the 72nd Precinct revealed that plaintiff was in possession of marijuana.

68.     Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged until the defendants discovered marijuana on plaintiff during a search of plaintiff in the 72nd Precinct.

69.     The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

70.     Accordingly, all of the defendants are liable to plaintiff under New York state law for false arrest.

## **TENTH CLAIM**

### **(MALICIOUS PROSECUTION UNDER N.Y. STATE LAW)**

(Against All Defendants)

71.     Plaintiff repeats the foregoing allegations.

72.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed the crimes resisting arrest and false personation and initiated a prosecution against plaintiff or played a role in initiating a prosecution against plaintiff.

73.     The criminal case filed against plaintiff was ultimately dismissed.

74.     The City of New York is vicariously liable to plaintiff because the individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times.

75.     Accordingly, all of the defendants are liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

10

       d.      Such other and further relief as the Court may deem just and proper.

DATED:      November 7, 2014

                        /s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

11